UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER A. SMITH,

    Plaintiff,

v.                                                  No.:   3:04-cv-449
                                                                 (VARLAN/SHIRLEY)

STATE OF TENNESSEE, et al.,

    Defendants.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. There is presently pending before the court several motions filed by the parties, including the defendants' motion to dismiss for failure to exhaust administrative remedies. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and thus the defendants' motion to dismiss [Court File No. 24] will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002); *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See also Curry v.*

*Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

The Sixth Circuit has also held that a prisoner must have exhausted his administrative remedies as to each and every claim set forth in the complaint. "Because Jones Bey's complaint alleged both exhausted and unexhausted claims, we must definitively answer an open question in this circuit: whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims. We hold that it does." *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He brought this action during his confinement in the Brushy Mountain Correctional Complex

2

(BMCX). The defendants are the State of Tennessee, TDOC Commissioner Quenton White, BMCX Warden Jack Morgan, and several prison officials.

According to plaintiff, he was shot five times in 1999. As a result, his right hand is partially paralyzed and he is paralyzed from the knee down in his right leg. Plaintiff alleges that when he was transported from the Knox County Jail to BMCX on April 26, 2004, he was placed in a non-handicap equipped cell on the third floor. Plaintiff thus was required to walk up and down three sets of stairs to get to the dining room.

Plaintiff further alleges that on May 18, 2004, he fell in the shower and injured his right hip. Plaintiff claims the fall occurred because the shower was not handicap equipped. He fell again on June 13, 2004, and injured his right ankle and back. On June 16, 2004, plaintiff fell down the stairs while returning to his cell from the dining room. According to plaintiff, his crutch slipped and there was no rail on the stairs for him to grab onto.

Plaintiff filed a grievance with respect to the two times he fell in the shower; copies of those grievances are attached to the complaint. There is no evidence in the record, however, that plaintiff filed a grievance with respect to being housed on the third floor of the prison or that he filed a grievance when he fell down the stairs. In his response to the motion to dismiss, plaintiff admits that, after the incident on the stairs, he "decided to futher [*sic*] exhaust his remedies in federal court." [Court File No. 28, Answer to Defendant's Motion to Dismiss, p. 3].

Under the circumstances, the court finds that plaintiff's complaint should **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e for failure to

exhaust administrative remedies. Accordingly, the defendants' motion to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE